UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sharon D. Carter, | : | Case No. 1:09CV0667 |
| | : | |
| Plaintiff | : | Judge Kathleen O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claim for supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in her favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff applied for benefits on April 24, 2007, alleging an onset date of December 20, 2006. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "Broken hips, broken right foot ankle, spine out of line, car accident, nose broke, missing teeth, hearing on right side bad, vision, car ran over my face and right side—prior to car accident my right hip was broke and I had carpal tunnel" and "I can hardly move now I am confined at home due to accident ."

Upon denial of plaintiff's claim on the state agency level hearing de novo before an

Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on November 14, 2008. Also testifying at that proceeding a vocational expert, Mr. Thomas Nimberger.[1]

On November 28, 2008 the ALJ entered her opinion denying plaintiff's claim. That decision became defendant's final determination upon denial of review by the Appeals Council on February 26, 2009.

The ALJ's "Finding of Fact and Conclusions of Law" were:

1. The claimant has not engaged in substantial gainful activity since April 24, 2007, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease; a personality disorder; and alcoholism (20 CFR 416.921 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.962).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of light work. The claimant can lift up to 20 pounds occasionally and 10 pounds frequently and sit, stand and/or walk up to 6 hours in an 8 hour workday. The claimant may never climb ladders, ropes, or scaffolds nor can she kneel or crawl. The claimant can occasionally stoop and crouch. The claimant can only perform simple, repetitive tasks with only superficial interaction with others (20 CFR 404.1545 and 416.945).

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on August 3, 1957 and was 50 years old,

---

[1] It appear that the hearing was held by video conference, with the plaintiff, her counsel and Mr. Nimberger in Cleveland, Ohio and the ALJ in Falls, Church, Virginia.

    which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 24, 2007, the date the application was filed (20 CFR 416.920(g)).

Although the ALJ found that the plaintiff retained the functional capacity for light work, that subsumes the capacity to perform sedentary work, see, 20 C.F.R. §404.1567(b), which is significant in this case in that in response to a hypothetical question which assumed an individual who "could lift a maximum of 10 pounds, sit for six hours in an eight-hour day, could stand and walk for a total of two hours in an eight-hour day, no climbing of ladders, ropes, scaffolds, no kneeling, no crawling, occasionally stooping and crouching, only simple repetitive tasks with only superficial interaction with others and an individual who's 49 years old with a high school education and the work experience as a machine operator." Mr. Nimberger testified:

  A. Yes, Your Honor. We're looking here at simple unskilled elementary level sedentary work. Such a person could—by superficial I presume you're talking about no negotiation or confrontation would exclude such things as telemarketer where you're trying to convince people or things like that. Is that what—your definition?

3

> Q. Yes.
>
> A. Okay. Thank you. Such a person could be doing phone work. One would be a credit reference clerk which is sedentary work level 2 unskilled, 209.362-018. Local numbers 825, more national numbers unfortunately this is a burgeoning position. I would imagine it's close to 700,000 now nationally. Someone who just calls and checks on credit lines, basically just getting information. That hypothetical person could also be a receptionist. This is not a secretary, but just answering the phone, greeting callers at an establishment. That's 237.367-010. Local would be 900 and more national 500,000. And would you like a third?
>
> Q. Yes, please.
>
> A. Someone with those limitations could also be a —let's see, an order clerk, again just simple phone work in any number of capacities. I'll pick food and beverage, 209.567-014. Local numbers would be 650 and more national numbers 375,000. Somebody in a call center say taking pizza orders like a Pizza Hut. The bigger chains utilize call centers like that. That again, all three of these jobs were sedentary level 2 unskilled and the local numbers were Northeast Ohio.

While on this appeal the two issues presented by the plaintiff are stated as "Whether the ALJ erred in failing to assess Carter's credibility in accordance with the Commissioner's regulations and rulings regarding pain evaluation and credibility assessment" and "Whether the ALJ's RFC determination is supported by substantial evidence" they basically boil own to a challenge to the ALJ's decision for failing to address every bit of evidence arguably bearing upon the plaintiff's subjective pain complaints, including the totality of the plaintiff's testimony.

In this Court's opinion this argument is without merit.

It is true that the plaintiff sustained physical injuries in an unfortunate accident on December

20, 2006[2] when a motor vehicle backed into her.

This Court, however, is in complete agreement with the ALJ's determination that the paucity of objective medical condition bearing on the plaintiff's condition as of and after April 24, 2007 does not support the plaintiff's extreme subjective complaints.

Further, this Court finds that the very least the ALJ's determination as to the plaintiff's credibility was within her zone of choice, see, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986), under the substantial evidence standard of Richardson v. Perales, 402 U.S. 389 (1971).

No physician has opined that the plaintiff is as physically limited as she maintains, nor that her pain complaints are substantiated by objective findings.[3]

It is recommended that final judgment be entered in the defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: August 10, 2010

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[2] It must be noted that CT scans of the plaintiff's chest, pelvis, head and cervical spine taken at and close to that date did not reflect significant findings and x-rays of her ankles were read as normal. Repeat scans were comparable. The diagnostic impression of an MRI performed in August 2008 was "Diffuse degenerative disk changes more prominent in L2-L3 and L3-L4, associated mild scoliosis, no significant central spine canal stenosis." (Emphasis added.)

[3] The report of the consultative examination by Dr. Wilfredo Paras in July 2007, cited in plaintiff's brief as supporting her claim of disability, is in large part a recitation of the plaintiff's complaints without significant objective findings.