UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                        :
SHARON D. CARTER                        :
                                        :   CASE NO. 1:09-CV-0667
              Plaintiff,                :
                                        :
vs.                                     :   OPINION & ORDER
                                        :   [Resolving Doc. No. 30]
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,        :
                                        :
              Defendant.                :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This matter is before the Court on Plaintiff Sharon Carter's application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Defendant's opposition thereto. [Doc. 30; Doc. 33; Doc. 36.] Because the Defendant's position was not substantially justified, the Court **GRANTS** Plaintiff's application, **AWARDS** attorneys fees to Plaintiff in the amount of $5,697.88, and **ORDERS** payment consistent with this opinion.

**I. Background**

In the underlying action, Plaintiff sought judicial review of the final administrative decision of the Defendant Commissioner of Social Security's determination that she is not disabled and not entitled to supplemental benefits.

Upon referral, Magistrate Judge David S. Perelman issued a Report & Recommendation

Case No. 1:09-CV-0667
Gwin, J.

recommending that the Court uphold the Administrative Law Judge's ("ALJ") determination that the Plaintiff is not disabled. [Doc. 23.] Magistrate Judge Perelman was in "complete agreement with the ALJ's determination" that objective medical diagnoses do "not support the plaintiff's extreme subjective [pain] complaints." [Doc. 23 at 5.] Plaintiff objected, arguing that the Magistrate Judge mistakenly overlooked the ALJ's failure to recite "specific reasons for [her] findings on credibility, supported by the evidence in the case record . . . ." [Doc. 26 at 3.]

On *de novo* review, then District Judge[1] Kathleen M. O'Malley issued an opinion declining to adopt the Magistrate Judge's Report & Recommendation, reversing the decision of the ALJ, and remanding the case to the ALJ for further proceedings. [Doc. 28.] In her opinion, Judge O'Malley faults the ALJ's opinion for failing to "indicate whether the ALJ considered specifically enumerated categories of evidence" and for not providing "specific reasons for discounting Carter's additional evidence." [Doc. 28 at 19.] On remand, Judge O'Malley asks the ALJ to conduct a more thorough credibility evaluation of Plaintiff's testimony that she is in constant pain and unable to work. [Doc. 28 at 19.]

Plaintiff then filed this motion for attorneys fees pursuant to the EAJA, which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

## II. Legal Standard

A Social Security claimant who obtains a remand order pursuant to sentence four of 42

---

[1] Now Circuit Judge, United States Court of Appeals for the Federal Circuit.

Case No. 1:09-CV-0667
Gwin, J.

U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292 (1993). The prevailing party is presumptively entitled to attorneys fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). In other words, "the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart*, 230 Fed. Appx. 517, 519 (6th Cir. 2007). A district court's finding that the ALJ's position "was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

### III. Discussion

Plaintiff says that the Defendant's position was not substantially justified because "the ALJ did not follow the Defendant's own regulations and rulings in assessing Carter's credibility and, as a result of that failure, it could not be determined whether the [Residual Functional Capacity] the ALJ determined was supported by substantial evidence." [Doc. 36 at 2.] Therefore, Plaintiff continues, the ALJ's decision was not "substantially justified in both law and fact" and EAJA fees must be awarded. [Doc. 36 at 5.] Responding, the Defendant says that Judge O'Malley's remand was premised on "insufficient articulation," not on a finding that the record evidence, if properly considered, could not support the ALJ's findings. [Doc. 33 at 4.] Defendant argues that this articulation error does not render the Defendant's position unjustified and, thus, cannot be the basis

-3-

Case No. 1:09-CV-0667
Gwin, J.

of an award of attorneys fees under the EAJA. [Doc. 33 at 4.]

In considering whether the ALJ's decision was "substantially justified" for EAJA purposes, courts distinguish between remands involving "mere articulation errors"—cases in which there is record evidence to support the ALJ's decision, but the ALJ fails to adequately articulate his or her reasoning—and remands where the district court determines that the evidence does not support the ALJ's decision, even when properly considered. *See e.g.*, *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 759-61 (N.D. Ohio 2008) (citing *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045072 (6th Cir. 1999) (unpublished table decision)). Generally, remands stemming from articulation errors do not result in a EAJA fee award, while remands following a finding that the record evidence does not support the ALJ's disability determination will lead to the payment of attorneys fees. *Compare Harris v. Comm'r of Soc.* Sec., No. 08-CV-2219, 2010 WL 3075486, at *2 (N.D. Ohio Aug. 5, 2010) (no attorneys fees where articulation error was surrounded by an otherwise "thorough and record-based analysis") *with Winning v. Comm'r of Soc. Sec.*, 2010 WL 3222031, at *4 (N.D. Ohio Aug. 13, 2010) (awarding fees where "the ALJ failed to provide substantive reasons for her decision . . . and because the record does not support the ALJ's credibility determination.").

Here, a "mere articulation error" was not the reason for the Court's decision to reverse and remand this case. Instead, the Court did so because it was "unable to determine whether substantial evidence supports the ALJ's decision." [Doc. 28 at 19.] In reversing, Judge O'Malley explained:

> (1) the ALJ's decision does not indicate whether the ALJ considered specifically enumerated categories of evidence, in addition to objective medical evidence, that the ALJ must consider in making a credibility finding; and (2) the ALJ did not provide specific reasons for discounting Carter's additional evidence in making the credibility finding.

Case No. 1:09-CV-0667
Gwin, J.

[Doc. 28 at 19.] Moreover, Judge O'Malley was particularly troubled that the ALJ "discounted all of Carter's subjective complaints of pain and its effects *solely* because she found that there was no objective medical evidence to support Carter's claims." [Doc. 28 at 15] (emphasis added). As noted in the Court's order, this type of analysis—based on an implicit finding that the claimant is not believable—is *exactly* that which Social Security Ruling 96-7p is designed to prevent. See Soc. Sec. Rul. 96-7p, 1996 WL 374186, at * 4 (ALJ not free to make credibility determinations based solely upon "intangible or intuitive notion about an individual's credibility.").

Where—as here— the ALJ has chosen to selectively consider evidence in deciding to deny social security benefits, the Sixth Circuit has held that the position of the Commissioner was "without substantial justification." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)). Accordingly, because the Defendant has not shown that its position was substantially justified, the Court **GRANTS** Plaintiff's motion and **AWARDS** attorneys fees to Plaintiff.

Anticipating this result, the Defendant asks the Court not to award the EAJA attorneys fees directly to Plaintiff's counsel, but rather, order payment to Plaintiff herself in light of the United States Supreme Court decision in Ratliff v. Astrue, — U.S. —, 130 S.Ct. 2521, 2524 (2010). In *Ratliff* the Supreme Court held: "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. However, the Defendant says that it is willing to *mail* payment to Plaintiff's counsel, but insists that the check must be made *payable* to Carter. [Doc. 33 at 7.]

Responding, Plaintiff Carter explains that she has assigned her rights to the EAJA attorneys fee award to her counsel, Paulette Balin. [Doc. 36 at 5.] A document attached to the instant motion

Case No. 1:09-CV-0667
Gwin, J.

supports the existence of this assignment. [Doc. 30-3.] Nonetheless, Plaintiff agrees with the Defendant's disbursement proposal—that is, Defendant will draw a check payable to Plaintiff Carter but will send that check to Plaintiff's counsel. [Doc. 36 at 5.]

In light of this accord, and in compliance with *Ratliff,* the Court **ORDERS** the following: the Defendant Commissioner of Social Security shall determine within thirty days whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first. If any funds remain, the Defendant shall honor the assignment and send the balance by check, payable to Plaintiff Sharon Carter, to the office of her attorney Paulette Balin. *Cf. Patterson v. Comm'r of Soc. Sec. Admin.,* 2010 WL 3211139, at *2 n.1 (N.D. Ohio Aug. 11, 2010).

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for attorneys fees and **ORDERS** payment consistent with this order.

IT IS SO ORDERED.

Dated: February 23, 2011        s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE